UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Petitioner,<br>v.<br><br>PLATINUM WEALTH PARTNERS, INC. and DAVID L. POTTER,<br><br>Respondents. | Case No.: |

APPLICATION OF THE SECURITIES AND EXCHANGE COMMISSION
FOR AN ORDER UNDER SECTION 20(c) OF THE SECURITIES ACT, SECTION 21(e)
OF THE EXCHANGE ACT, SECTION 209(d) OF THE ADVISERS ACT AND SECTION
42(d) OF THE INVESTMENT COMPANY ACT ENFORCING COMPLIANCE WITH
COMMISSION ORDER

The Petitioner, Securities and Exchange Commission (the "Commission"), applies to the Court for an order pursuant to Section 20(c) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77t(c), Section 21(e) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u(e)(1), Section 209(d) of the Investment Advisers Act of 1940 ("Advisers Act"), 15 U.S.C. § 80b-9(d), and Section 42(d) of the Investment Company Act of 1940 ("Investment Company Act"), 15 U.S.C. § 80a-41(d), to enforce compliance by the Respondents, Platinum Wealth Partners, Inc. ("PWP") and David L. Potter ("Potter") (jointly referred to as the "Respondents"), with a final Commission order entered against them on consent on September 24, 2020.  This order required Respondents to jointly and severally pay disgorgement and prejudgment interest of $1,270,847.20, plus outstanding interest pursuant to SEC Rule of Practice 600, 17 C.F.R. § 201.600, and a civil money penalty of $60,000, plus outstanding

interest pursuant to 31 U.S.C. § 3717, and injunctive relief. In support of its Application, the Commission states as follows:

## INTRODUCTION

1. The Commission seeks by this Application to enforce an order of the Commission, which found that Respondents violated Sections 17(a)(2) and 17(a)(3) of the Securities Act and Section 206(2) of the Advisers Act.

2. Respondents have failed, refused, and neglected to comply with the Commission Order in that they have not fully paid the disgorgement and prejudgment interest ordered or made any payment towards the penalty imposed upon them.

## PARTIES

3. The Commission is an agency of the United States Government. The Commission's principal office is located at 100 F Street, N.E., Washington, DC 20549.

4. Platinum Wealth Partners, Inc. is a Florida corporation with its principal place of business in Tampa, Florida.

5. David L. Potter, age 56, is a resident of St. Petersburg, Florida.

## JURISDICTION AND VENUE

6. This Court has jurisdiction under Sections 20(c) and 22(a) of the Securities Act, and Sections 21(e)(1) and 27(a) of the Exchange Act, Section 209(d) of the Advisers Act, and Section 42(d) of the Investment Company Act.

7. Venue lies in the Middle District of Florida under Section 22(a) of the Securities Act, Section 27(a) of the Exchange Act, Section 44 of the Investment Company Act, and Section 214(a) of the Advisers Act. The Respondents are "found" or is an "inhabitant" of this District.

## **STATEMENT OF RELEVANT FACTS**

8. The Commission Order found, in summary, that Respondents made disclosure violations while selling promissory notes to individual retail investors including certain advisory clients.

9. After a period of rapid growth, in 2016 PWP began experiencing an increase in liabilities that exceeded its net income. After PWP defaulted on its bank line of credit, PWP turned to borrowing cash from investors in order to cover its business expenses and meet cash flow needs. While soliciting investors to purchase or renew approximately $1.6 million in PWP promissory notes (the "Notes"), PWP, which was directed by its founder, controlling owner, and chief executive officer Potter, gave the impression to investors that the business was profitable and failed to disclose that there was a risk of default associated with the Notes.

10. As a result of PWP's and Potter's failure to exercise reasonable care in providing investors with complete and accurate disclosures regarding PWP's financial condition, PWP and Potter violated Sections 17(a)(2) and 17(a)(3) of the Securities Act and Section 206(2) of the Advisers Act.

11. On September 24, 2020, the Commission issued an Order instituting administrative and cease-and-desist proceedings, on consent, pursuant Section 8A of the Securities Act and Section 21C of the Exchange Act, Sections 203(e), 203(f) and 203(k) of the Investment Advisers Act and Section 9(b) of the Investment Company Act requiring Respondents to jointly and severally pay disgorgement and prejudgment interest of $1,270,847.20, plus outstanding interest pursuant to SEC Rule of Practice 600, 17 C.F.R. § 201.600, and a civil money penalty of $60,000, plus outstanding interest pursuant to 31 U.S.C. § 3717, and injunctive relief.

12. The Commission also entered the following injunctive relief: ordering Respondents to cease and desist from committing or causing any violations and any future violations of Sections 17(a)(2) and 17(a)(3) of the Securities Act and Section 206(2) of the Advisers Act. Respondents were also censured. Respondent Potter was also suspended from association with any investment adviser, broker, dealer, municipal securities dealer, municipal advisor, transfer agent, or nationally recognized statistical rating organization for a period of 12 months, effective on the second Monday following the entry of the Commission's Order. Respondent Potter was additionally prohibited from serving or acting as an employee, officer, director, member of an advisory board, investment adviser or depositor of, or principal underwriter for, a registered investment company or affiliated person of such investment adviser, depositor, or principal underwriter for a period of 12 months, effective on the second Monday following the entry of the Commission's Order.

13. Respondents did not seek review of the Order, and their time to do so has expired.

14. Respondents have not complied with the Commission Order in that they have not fully paid the disgorgement and prejudgment interest ordered or made any payment towards the penalty imposed upon them.

## ARGUMENT

15. The Commission brings this proceeding under Section 20(c) of the Securities Act, Section 21(e) of the Exchange Act, Section 209(d) of the Advisers Act, and Section 42(d) of the Investment Company Act. These provisions authorize the use of summary proceedings, rather than plenary civil actions, to enforce Commission orders in the district courts.

16. Proceedings under these provisions are summary in nature. *SEC v. Vindman*, 2007 WL 1074941 at *1 (S.D.N.Y. April 5, 2007); *SEC v. McCarthy*, 322 F.3d 650, 659 (9th

Cir. 2003). In *McCarthy,* the Ninth Circuit held that "summary proceedings may be 'conducted without formal pleadings, on short notice, without summons and complaints, generally on affidavits, and sometimes even *ex parte*.'"

17. These proceedings are commenced by service of an order to show cause and the application, rather than by service of a summons and a complaint. *SEC v. Stoecklein*, 2015 WL 6455602 at *1 (S.D. Cal. Oct. 26, 2015); *SEC v. Taber*, 2013 WL 6334375 at *1 (S.D.N.Y., Dec. 4, 2013); *SEC v. Markowski*, 2007 WL 2566247 at *1 (M.D. Fla. Aug. 31, 2007).

18. This proceeding, therefore, is properly commenced by service of the moving papers and an order to show cause.

WHEREFORE, the Commission respectfully requests:

I.

That the Court enter an Order to Show Cause, directing Respondent to show cause why this Court should not enter an Order enforcing compliance with the Commission Order.

II.

That the Court thereafter enter an Order enforcing the Commission Order and requiring:

a. Respondents to pay the remaining balance of disgorgement and prejudgment interest of $1,230,847.20, plus outstanding interest pursuant to SEC Rule of Practice 600, 17 C.F.R. § 201.600, and a civil money penalty of $60,000, plus outstanding interest pursuant to 31 U.S.C. § 3717, until the entry of judgment; and

b. Compliance with the Injunctive Relief set forth in the Order.

III.

That the Court order such relief as may be necessary for enforcement of any order of this Court as to the civil monetary penalty pursuant to the Federal Debt Collection Procedures Act, 28 U.S.C. §§ 3001 – 3308.

V.

That the Court order such relief as may be necessary for enforcement of any order of this Court as to disgorgement and prejudgment interest through civil contempt and/or other collection procedures authorized by law.

VI.

That the Court retain jurisdiction as appropriate to assure and effect compliance with the orders entered herein.

VII.

That the Court order such other and further relief as may be just and proper.

Dated:  May 18, 2021

Respectfully submitted,

s/MICHAEL J. ROESSNER
MICHAEL J. ROESSNER
Assistant Chief Litigation Counsel
Division of Enforcement
United States Securities and Exchange Commission
100 F Street, NE
Mail Stop 5631
Washington, DC 20549-0022
RoessnerM@SEC.gov
Telephone:   202.551.4347
Facsimile:   703.813.9366
Attorney for Plaintiff/Judgment Creditor
United States Securities and Exchange Commission